**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | |
|---|---|
| JASON JASO,<br>individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>C W FORD RENTALS MANAGEMENT COMPANY L.L.C.<br><br>*Defendant.* | Civil Action No. _____<br><br><br>JURY TRIAL DEMANDED<br><br><br><br>COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff—Jason Jaso ("Jaso")—brings this action individually and on behalf of all other similarly situated employees (collectively, "Plaintiff and the Putative Collective Members") who worked for Defendant—C W Ford Rentals Management Company, L.L.C. ("CW Ford")—anywhere in the United States, at any time during the relevant statutes of limitations through the final disposition of this matter, to recover unpaid compensation, including overtime compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. §§ 201–19 ("FLSA").

Plaintiff's FLSA claims are asserted as a collective action under § 16(b) of the FLSA, 29 U.S.C. § 216(b). The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

# I.
# OVERVIEW

1. This is a collective action to recover overtime wages, liquidated damages, and other applicable penalties brought pursuant to the FLSA.

2. Plaintiff and the Putative Collective Members are those similarly situated persons who worked for CW Ford, anywhere in the United States, at any time during the relevant statutes of limitations through the final disposition of this matter, and have not been paid the proper amount of overtime in violation of federal law.

3. Although Plaintiff and the Putative Collective Members routinely worked (and continue to work) in excess of forty (40) hours per workweek, Plaintiff and the Putative Collective Members were not paid overtime of at least one and one-half their regular rates for hours worked in excess of forty (40) hours per workweek.

4. During the relevant time period, CW Ford knowingly and deliberately failed to compensate Plaintiff and the Putative Collective Members for the proper amount of overtime on a routine and regular basis.

5. Plaintiff and the Putative Collective Members did not and currently do not perform work that meets the definition of exempt work under the FLSA.

6. Plaintiff and the Putative Collective Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

7. Plaintiff prays that all similarly situated Putative Collective Members be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

# II.
# THE PARTIES

8. Plaintiff Jason Jaso was employed by CW Ford in Corpus Christi, Texas and Midland, Texas during the relevant time period. Plaintiff Jaso did not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

9. The FLSA Bonus Collective Members ("Bonus Collective") are those current and former non-exempt hourly employees who were employed by CW Ford, anywhere in the United States, at any time from January 3, 2021, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Jaso worked and was paid.

10. The FLSA Supervisor Collective Members ("Supervisor Collective") are those current and former Supervisors who were employed by CW Ford, anywhere in the United States, at any time from January 3, 2021, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Jaso worked and was paid.

11. Defendant C W Ford Rentals Management Company, L.L.C. is a domestic limited liability company, licensed to and doing business in Texas, and can be served through its registered agent: **Melissa Hamrick, 311 Mariana Avenue, Midland, Texas 79701.**

# III.
# JURISDICTION & VENUE

12. This Court has federal question jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201-19.

13. Plaintiff has not entered into an arbitration agreement that would affect the Court's subject-matter jurisdiction.

---

[1] The written consent of Jason Jaso is hereby attached as Exhibit "A."

14. This Court has general and specific personal jurisdiction over CW Ford because its headquarters are located in Texas and because Plaintiff's claims arose within this Texas District as a direct result of Defendant's conduct within this District.

15. Venue is proper pursuant to 28 U.S.C. § 1391 in the Southern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

16. Additionally, Plaintiff Jaso worked for CW Ford in and around Corpus Christi, Texas, all of which is located within this District and Division.

## IV.
## ADDITIONAL FACTS

### Plaintiff Jaso's Employment with CW Ford

17. CW Ford is an oilfield services company operating primarily around the State of Texas.[2]

18. To provide its services, CW Ford employed (and continue to employ) numerous hourly employees—including Plaintiff and the Putative Collective Members.

19. Plaintiff Jaso worked exclusively for CW Ford in Texas from approximately July of 2023 until November 2023.

### Plaintiff and the Putative Collective Members are Similarly Situated

20. Plaintiff and the Putative Collective Members are similarly situated with respect to their job duties, their pay structure, and the policies of CW Ford resulting in the complained of FLSA violations.

---

[2] https://cwfordservices.com/

21. Plaintiff and the Putative Bonus Collective Members were employed by CW Ford as non-exempt hourly employees, who received non-discretionary bonuses that were not included in their regular rate for purposes of calculating their overtime compensation.

22. Plaintiff and the Putative Supervisor Collective Members were employed by CW Ford as Supervisor employees, who were paid a purported salary but were not paid any overtime compensation for hours worked in excess of forty (40) hours each week.

23. Plaintiff and the Putative Collective Members' job duties included torque turning, well plugging, performing drilling services, and monitoring well sites.

24. While exact job titles may differ, these employees were subjected to the same or similar illegal pay practices for similar work throughout the United States.

25. Although Plaintiff and the Putative Collective Members routinely worked in excess of forty (40) hours per workweek, Plaintiff and the Putative Collective Members were not paid overtime at the required rate for all hours worked in excess of forty (40) hours per workweek.

**CW Ford Failed to Include Non-Discretionary Bonuses in the Regular Rate**

26. CW Ford paid out non-discretionary bonuses based on production quotas but failed to include these in the regular rate of pay.

27. The non-discretionary bonuses paid to Plaintiff and the Putative Bonus Collective Members were meant to encourage and motivate them to work harder and to reward them for their hard work.

28. The non-discretionary bonuses were based upon a pre-determined formula established by CW Ford and/or its clients.

29. Moreover, specific criteria had to be met in order to receive these non-discretionary bonuses.

30. When Plaintiff and the Putative Bonus Collective Members met the criteria, they were entitled to receive these non-discretionary bonuses.

31. Pursuant to 29 C.F.R. § 778.209, these non-discretionary bonuses (and any other non-discretionary compensation) should have been included in Plaintiff and the Putative Bonus Collective Member's regular rates of pay before any and all overtime multipliers were applied.

### *Supervisors Were Not Paid a True Salary*

32. In October of 2023, CW Ford promoted Plaintiff Jaso to a Supervisor role.

33. Along with his promotion, CW Ford altered Plaintiff Jaso's pay and began to pay him a purported salary and did not overtime pay for hours worked in excess of forty (40) hours each week.

34. Pursuant to 29 C.F.R. § 541.602(a)(1), a true salary requires an employer to pay an employee their full salary for any week in which they perform any work, irrespective of the number of days or hours worked.

35. CW Ford did not pay a true salary to Plaintiff Jaso and the Putative Supervisor Collective Members as it failed to pay the full salary in weeks in which Plaintiff and the Supervisor Collective worked.

36. Specifically, Plaintiff Jaso worked the entire terminal week of his employment and CW Ford failed to pay him any of his purported salary.

37. Under 29 C.F.R. § 541.603, an employer who fails to pay a true salary shall not be entitled to use a salary based overtime exemption.

38. Further, where the facts demonstrate an actual practice of applying improper deductions and failing to pay a true salary, the overtime exemption will be lost for other employees in the same job classification as the employee who had improper deductions applied to their purported salary. *Id.*

39. CW Ford has an actual practice of applying improper deductions and failing to pay a true salary and, as a result, was not (and is not) entitled to use salary exemption to the FLSA's overtime mandate.

40. As a result of CW Ford's failure to pay a true salary, Plaintiff and the Supervisor Collective were (and are) entitled to overtime compensation for all hours worked in excess of forty (40) hours each workweek.

41. CW Ford has employed other individuals who perform(ed) the same or similar job duties under the same pay provisions as Plaintiff.

42. CW Ford's failure to compensate Plaintiff and the Putative Collective Members overtime compensation at a rate of one and one-half times their regular rates of pay violated (and continues to violate) the FLSA.

43. CW Ford knew or should have known that it was not (and is not) compensating Plaintiff and the Putative Collective Members for the proper amount of overtime compensation in violation of the FLSA.

44. CW Ford knew or should have known that their failure to pay the correct amount of overtime to Plaintiff and Putative Collective Members would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Collective Members.

45. CW Ford's actions therefore constitute willful violations under the FLSA and were not made in good faith.

46. Because CW Ford did not pay Plaintiff and the Putative Collective Members time and a half for all hours worked in excess of forty (40) in a workweek, CW Ford's pay policies and practices willfully violate the FLSA.

47. Plaintiff and the Putative Collective Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29

U.S.C. § 216(b).

# V.
# CAUSES OF ACTION

## COUNT ONE
### (Collective Action Alleging FLSA Violations)

**A.  FLSA COVERAGE**

48. The preceding paragraphs are incorporated as though fully set forth herein.

49. The "FLSA Bonus Collective" is defined as:

**ALL CURRENT AND FORMER HOURLY EMPLOYEES WHO WERE EMPLOYED BY C W FORD RENTALS MANAGEMENT COMPANY L.L.C., ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM JANUARY 3, 2021 THROUGH THE FINAL DISPOSITION OF THIS MATTER ("FLSA Bonus Collective Members").**

The "FLSA Supervisor Collective" is defined as:

**ALL CURRENT AND FORMER SUPERVISORS WHO WERE EMPLOYED BY C W FORD RENTALS MANAGEMENT COMPANY L.L.C., ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM JANUARY 3, 2021 THROUGH THE FINAL DISPOSITION OF THIS MATTER ("FLSA Supervisor Collective Members").**

Both Collectives are referred to herein collectively as the "FLSA Collectives" or "FLSA Collective Members."

50. At all material times, CW Ford has been an employer within the meaning of the FLSA, 29 U.S.C. § 203(d).

51. At all material times, CW Ford has been an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

52. At all material times, CW Ford has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in

or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

53. Specifically, CW Ford operate on interstate highways, purchase materials through commerce, transport materials through commerce and on the interstate highways, and conduct transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

54. During the respective periods of Plaintiff and the FLSA Collective Members' employment by CW Ford, these individuals provided services for CW Ford that involved interstate commerce for purposes of the FLSA.

55. In performing work for CW Ford, Plaintiff and the FLSA Collective Members have been engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

56. Specifically, Plaintiff and the FLSA Collective Members are (or were) non-exempt employees who assisted CW Ford's customers while operating machinery manufactured and designed out of state. 29 U.S.C. § 203(j).

57. At all material times, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 207.

58. The proposed classes of similarly situated employees—that is, FLSA Collective Members—sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 49.

59. The precise size and identity of the proposed classes should be ascertainable from the business records, tax records, and/or employee and personnel records of CW Ford.

### B. FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA

60. CW Ford has violated provisions of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all of the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

61. Moreover, CW Ford knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees the proper amount of overtime compensation for all hours worked. 29 U.S.C. § 255(a).

62. CW Ford knew or should have known their pay practices were in violation of the FLSA.

63. CW Ford is a sophisticated party and employer, and therefore knew (or should have known) their pay policies were in violation of the FLSA.

64. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted CW Ford to pay them according to the law.

65. The decisions and practices by CW Ford to not pay Plaintiff and the FLSA Collective Members the proper amount of overtime for all hours worked was neither reasonable nor done in good faith.

66. Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

### C. COLLECTIVE ACTION ALLEGATIONS

67. All previous paragraphs are incorporated as though fully set forth herein.

68. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf CW Ford's employees who are (or were) similarly situated to Plaintiff with regard to the work they performed and the manner in which they have not been paid.

69. Other similarly situated employees of CW Ford have been victimized by CW Ford's patterns, practices, and policies, which are in willful violation of the FLSA.

70. The FLSA Collective Members are defined in Paragraph 49.

71. CW Ford's failure to pay Plaintiff and the FLSA Collective Members overtime compensation at the rates required by the FLSA results from generally applicable policies and practices of CW Ford, and does not depend on the personal circumstances of Plaintiff or the FLSA Collective Members.

72. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

73. The specific job titles or precise job requirements of the various FLSA Collective Members do not prevent collective treatment.

74. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be paid for all hours worked and at the proper overtime rate for all hours worked in excess of forty (40) hours per workweek.

75. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

76. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and CW Ford will retain the proceeds of their rampant violations.

77. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

78. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in ¶ 49 and notice should be promptly sent.

## VI.
## RELIEF SOUGHT

79. Plaintiff respectfully prays for judgment against CW Ford as follows:

a. For an Order certifying the FLSA Collective as defined in ¶ 49 and requiring CW Ford to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

b. For an Order approving the form and content of a notice to be sent to the FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

c. For an Order pursuant to § 16(b) of the FLSA finding CW Ford liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

d. For an Order awarding the costs of this action;

e. For an Order awarding attorneys' fees;

f. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

g. For an Order awarding Plaintiff Jaso a service award as permitted by law;

h. For an Order compelling the accounting of the books and records of CW Ford, at CW Ford's expense, should discovery prove inadequate; and

i. For an Order granting such other and further relief as may be necessary and appropriate.

Date: January 3, 2024     Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

By: /s/ *Clif Alexander*
**Clif Alexander**
Federal I.D. No. 1138436
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson**
Federal I.D. No. 777114
Texas Bar No. 24045189
austin@a2xlaw.com
**Lauren E. Braddy**
Federal I.D. No. 1122168
Texas Bar No. 24071993
lauren@a2xlaw.com
**Carter T. Hastings**
Federal I.D. No. 3101064
Texas Bar No. 24101879
carter@a2xlaw.com
101 N. Shoreline Blvd., Suite 610
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

*Counsel for Plaintiff and the Putative Collective Members*